**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-cv-04783 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| E I PRINTING, INC. and CHARLES YUM, | ) | |
| | ) | Magistrate Jeffrey Cole |
| Defendants. | ) | |

## MOTION TO REINSTATE AND TO ENTER JUDGMENT

Plaintiff, MLP U.S.A., Inc., ("MLP"), as assignee, by and through its attorneys, Rein F. Krammer of Masuda, Funai, Eifert & Mitchell, Ltd., hereby moves to reinstate this cause and to enter judgment pursuant to the Agreed Order entered into in this cause, and provides as follows:

1.     On or about October 1, 2011, this Court entered a Stipulation and Agreed Order of Dismissal [Dkt. No. 24].

2.     Thereafter, MAC Funding Corporation ("MAC"), the original named Plaintiff in this proceeding, assigned to MLP all of MAC's rights and interests in the Agreed Order, and a certain Forbearance Agreement executed by MAC and the Defendants on October 1, 2011 (the "Forbearance Agreement").

3.     Pursuant to the terms of the subject Agreed Order, Defendants, E I PRINTING, INC. ("EIP") and CHARLES YUM ("YUM") were to make monthly installment payments to

plaintiff MLP (as assignee) pursuant to the payment provisions contained within paragraph 1 of the Agreed Order.

4.      However, contrary to the provisions of paragraph 1 of the Agreed Order, Defendants, EIP and YUM (collectively, the "EIP Obligors") have failed to make all of the required installment payments.  Past due and owing under the Agreed Order are the monthly installments starting from June 1, 2012.

5.      As a result of such failures, MLP (as assignee) issued to the EIP Obligors a demand letter, pursuant to the Agreed Order, requesting a cure of the defaults.  (See Exhibit "A").

6.      Despite the issuance of the foregoing demand letter, the EIP Obligors have failed to cure such defaults or breaches.

7.      As a result of the failure to cure, MLP (as assignee) is causing to be filed herewith the Declaration of Yoshihisa Seki, President of MLP (See Exhibit "B"), setting forth the fact of such defaults or breaches, and the remaining balance due and owing from the EIP Obligors (both past due and accelerated).

8.      Pursuant to the provisions of paragraph 2 of the Agreed Order, as a result of such breach, and the filing of the aforementioned Declaration, MLP (as assignee) is entitled to judgment against the EIP Obligors, jointly and severally, for the amounts and relief set forth in the proposed Judgment Order, a copy of which is attached hereto as Exhibit "C."

**WHEREFORE**, Plaintiff MLP U.S.A., INC. (as assignee) prays for judgment against Defendants, E I PRINTING, INC., and CHARLES YUM as set forth in the proposed Judgment Order attached hereto as Exhibit "C," and for other relief as may be just and fair.

Dated:  February 11, 2014

**MAC FUNDING CORPORATION**

By:     /s/ Rein F. Krammer

One of its Attorneys

Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\5087\Lit\10044 Motion to Reinstate and to Enter Judgment.docx

# EXHIBIT "A"

Rein F. Krammer
Attorney at Law
rkrammer@masudafunai.com
tel 312.245.7531
fax 312.245.7467

June 12, 2013

**Via Federal Express -- 2nd Day Delivery**

E I Printing, Inc.
c/o Mr. Charles Yum
1717 Grant Street
Santa Clara, CA 95050

**Via Federal Express -- 2nd Day Delivery**

Mr. Charles Yum
1717 Grant Street
Santa Clara, CA 95050

Re:    **MAC Funding Corporation v. E I Printing, Inc., et al.**

Dear Mr. Yum:

As you know, E I Printing, Inc. ("EIP") entered into Equipment Lease Agreement No. SUL0239 on or about June 11, 2008 (the "Lease Agreement") with MAC Funding for the lease of one (1) used Mitsubishi 100LS-6 Six (6) Color Sheetfed Printing Press, together with all auxiliary equipment and accessories attached thereto and/or used in conjunction therewith (collectively, the "Subject Equipment"). In addition, EIP entered into a Security Agreement on or about October 8, 2008 (the "Security Agreement") with MAC Funding whereby EIP granted to MAC Funding a security interest in all of the assets of EIP (the "EIP Assets"). Furthermore, on or about June 25, 2008, Charles Yum (the "Guarantor") executed a guaranty, jointly and severally guaranteeing to MAC Funding the full and prompt performance of all obligations that EIP had under the Lease Agreement and Security Agreement (the "Guaranty"). The Lease Agreement required EIP to make certain monthly payments to MAC Funding in the amounts provided for therein. EIP failed to make the required payments under the lease Agreement and Security Agreement, and the Guarantor failed to make the required payments under the Guaranty.

As a result of the default by EIP under the Lease Agreement and the Security Agreement, and the Guarantor under the Guaranty, on or about July 16, 2011, MAC Funding filed its Complaint in the United States District Court for the Northern District of Illinois, Eastern Division in the case entitled MAC Funding Corporation v. E I Printing, Inc., et al., identified as Case No. 11 C 04783 (herein referred to as the "Federal Court Action"). In the course of the Federal Court Action, MAC

Funding, EIP and Guarantor entered into a certain Forbearance Agreement on or about October 1, 2011 whereby EIP and Guarantor agreed to make certain payments to MAC Funding, among other things, in return for MAC Funding dismissing the Federal Court Action without prejudice. MAC Funding has assigned all of its rights under the various agreements and court orders with respect to EIP and Guarantor to MLP U.S.A., Inc. ("MLP").

EIP and Guarantor have each defaulted in their respective obligations to MLP (as assignee) under the Lease Agreement, Security Agreement, Guaranty and Forbearance Agreement. On behalf of MLP, we hereby demand that the Guarantor and EIP make immediate payment to MLP in the sum of $630,200.58 plus certain additional costs, fees and expenses as a result of EIP's and Guarantor's defaults. Unless payment is made within seven (7) business days hereof, please be advised that we will recommend that MLP take such action as may be necessary in order to protect its interests relative to the various agreements, including, but not limited to, the re-filing of the Federal Court Action against the Guarantor and EIP for money damages, as well as moving to foreclose upon all of EIP's and Guarantor's assets pursuant to the Security Agreement, no matter where they may be located.

Your immediate response is required. Be advised that this will not be the first in a line of letters. Contact the undersigned immediately with any questions you may have relative to this matter.

Very truly yours,

Masuda, Funai, Eifert & Mitchell, Ltd.

Rein F. Krammer

RFK:cmp:ka
N:\SYS08\5087\LETTERS\100440002.docx

**EXHIBIT "B"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAC FUNDING CORPORATION,       )
           )
           Plaintiff,            )
           )    Case No. 11-cv-04783
           v.            )
           )    Honorable Virginia M. Kendall
E I PRINTING, INC. and CHARLES YUM,       )
           )    Magistrate Jeffrey Cole
           Defendants.            )

## <u>DECLARATION OF YOSHIHISA SEKI</u>

I, Yoshihisa Seki, declare under penalty of perjury as follows:

1.     I am the President of MLP U.S.A., Inc. ("MLP") and also one of the custodians of the books and records of MLP as they pertain to the accounts relating to E I PRINTING, INC. ("EIP") and CHARLES YUM ("YUM" and together with EIP, the "EIP Obligors"). Such books and records are kept and maintained in the normal course of the business of MLP.

2.     Pursuant to the books and records of MLP, the EIP Obligors have failed to make the payments starting from June 1, 2012 due under the Agreed Order dated on or about October 1, 2011 (the "Agreed Order").

3.     As a result thereof, MLP's counsel has issued, pursuant to MLP's direction, a demand letter to the EIP Obligors and their counsel demanding that the EIP Obligors cure their defaults under the Agreed Order.

4.     Notwithstanding the demand letter, the past due amount has not been cured by the EIP Obligors.

5.    As a result thereof, there remains due and owing to MLP from the EIP Obligors

pursuant to the provisions of the Agreed Order, the sum of $659,520.39, as of February 3, 2014, as

to the Equipment Lease Agreement No. SUL 0239 calculated as follows:

| | |
|---|---|
| Pay-off Amount (Principal, Accrued Interest and Late Fees) | $950,200.58 |
| Less: Gross Resale Price of Repossessed Equipment | (320,000) |
| Plus: Attorneys' Fees and Costs | $29,319.81 |
| TOTAL | **$659,520.39** |

As a result, $659,520.39 is due and owing from the EIP Obligors under the Subject Lease, the

supporting guaranty from YUM, and the Agreed Order.  Interest continues to accrue at the rate of

$329.76 per diem.


        I declare under a penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.



                                Yoshihisa Seki



Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-cv-04783 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| E I PRINTING, INC. and CHARLES YUM, | ) | |
| | ) | Magistrate Jeffrey Cole |
| Defendants. | ) | |

## JUDGMENT ORDER

This cause comes to be heard upon the Motion of Plaintiff, MLP U.S.A., INC. (as assignee) ("MLP"), to reinstate and to enter judgment and the declaration in support of Yoshihisa Seki, due notice having been given; and the Court finding that Defendants, E I PRINTING, INC. ("EIP") and CHARLES YUM ("YUM" and together with EIP, the "EIP Obligors") have failed to comply with, and are in breach and default under the provisions of the Agreed Order of Dismissal entered in this cause on October 19, 2011 (the "Agreed Order"), and that the EIP Obligors have failed to cure such breach and default after being given notice and an opportunity to cure, as provided in such Agreed Order;

**IT IS HEREBY ORDERED AS FOLLOWS:**

This matter is hereby reinstated; and judgment is hereby entered in favor of plaintiff and against EIP and YUM, jointly and severally, in the amount of $659,520.39, as of February 3, 2014, with interest accruing thereafter at the rate of $329.76 per diem.

**ENTER:**

_____
Hon. Virginia M. Kendall, U.S. District Court

_____
Dated

Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\5087\Lit\10044 Judgment Order.docx